IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| TOLESSA GURMESSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-112 (RDA/WEF) |
| | ) | |
| GETANEH KASSAHUN YISMAW, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Defendants Getaneh Kassahun Yismaw's ("Defendant Yismaw") and Fitsum Achamyeleh Alemu's ("Defendant Alemu") (collectively, "Defendants") Motions to Dismiss the Complaint for Failure to State a Claim ("Motions to Dismiss"). Dkt. Nos. 6; 8. This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Having considered the Motions to Dismiss together with Plaintiff Tolessa Gurmessa's ("Plaintiff") *pro se* Complaint, Defendants' Memoranda in Support (Dkt. Nos. 7; 9), Plaintiff's Opposition (Dkt. 12), and Defendant Alemu's Reply (Dkt. 15), this Court GRANTS Defendant Yismaw's Motion to Dismiss (Dkt. 6) and GRANTS Defendant Alemu's Motion to Dismiss (Dkt. 8) for the reasons that follow.

I. BACKGROUND[1]

The instant defamation suit arises out of a letter containing allegedly false statements about Plaintiff's support for genocide against the Amhara ethnic group in Ethiopia (the "Letter"). Dkt. Nos. 1 ¶ 7; 1-1 (the Letter).[2]   Plaintiff is an Ethiopian-American of Oromo origin. Dkt. 1 ¶¶ 11, 23.a.iii.  From 2015 to at least 2021, Plaintiff worked at the U.S. Department of Veterans Affairs (the "VA"), specifically within the VA Palo Alto Health Care System. Dkt. Nos. 1 ¶ 12; 1-1 at 1. Plaintiff alleges that, on April 10, 2021, Genocide Prevention in Ethiopia, Inc. ("GPE"), a Delaware corporation, mailed the Letter to Plaintiff's employer and coworkers in an effort to harm his reputation. Dkt. 1 ¶¶ 7, 19, 23.  Plaintiff claims that the Letter, which is attached as an exhibit to his Complaint, contained numerous false statements about his purported advocacy for the killing of the Amhara population in Ethiopia. *Id.* ¶ 23.  Those allegedly defamatory statements include the following:

- [Plaintiff] openly supports genocide, glorying torture, lynching, massacre, and ethnic cleansing of Amhara ethnic groups in [the] Oromia [r]egion of Ethiopia.

- [Plaintiff] . . . has been supporting and encouraging the ethnically motivated massacre of Amhara Ethiopia and [has] openly demonstrated his contempt for human dignity and life.

- [Plaintiff] . . . exhibits a . . . hatred for people because of their ethnicity.  He is encouraging the massacre of . . . ethnic Amharas . . . .

- [Plaintiff has a] zeal for [and] murderous affinity with his Oromo militants . . . and encourage[s] torture . . . .

---

[1] For purposes of considering Defendants' Motions to Dismiss, the Court accepts all facts contained within Plaintiff's Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] "[I]n considering a Rule 12(b)(6) motion, [this C]ourt may 'consider the complaint itself and any documents that are attached to it.'" *Bellotte v. Edwards*, 388 F. App'x 334, 337 (4th Cir. 2010) (quoting *CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009)).

Dkt. Nos. 1 ¶¶ 23.a., 23.a.ii.-iii., 28.a.; 1-1 at 1-3.

After learning that the Letter had been disseminated amongst his coworkers, on June 17, 2021, Plaintiff filed a defamation lawsuit against GPE and two other individuals in the U.S. District Court for the District of Delaware.  Dkt. 1-2.  Plaintiff asserts that it was not until May 25, 2023, during discovery in the Delaware case, that he became aware of Defendant Yismaw's and Defendant Alemu's roles in drafting and mailing the Letter.  Dkt. 1 ¶ 8.

Thereafter, on January 23, 2024, Plaintiff brought a claim for defamation against Defendants Yismaw and Alemu in this Court.  Dkt. 1.  Defendant Yismaw subsequently filed a Motion to Dismiss, Dkt. 6, along with a Memorandum in Support, Dkt. 7, on February 12, 2024. Defendant Alemu then filed a Motion to Dismiss, Dkt. 8, as well as a Memorandum in Support, Dkt. 9, on February 14, 2024.  On March 1, 2024, Plaintiff filed an Opposition to Defendants' Motions to Dismiss, Dkt. 12, and on March 7, 2024, Defendant Alemu filed a Reply in support of his Motion to Dismiss, Dkt. 15.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the sufficiency of a complaint.  *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011).  "[T]he reviewing court must determine whether the complaint alleges sufficient facts 'to raise a right to relief above the speculative level[,]'" and dismissal of the motion is appropriate only if the well-pleaded facts in the complaint "state a claim that is plausible on its face."  *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

At the motion-to-dismiss stage, a plaintiff need only "allege facts sufficient to state all the elements of her claim," *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003), and "the district court must 'accept as true all well-pled facts in the complaint and construe them in the light most favorable to [the plaintiff],'" *Dao v. Faustin*, 402 F. Supp. 3d 308, 315 (E.D. Va. 2019) (quoting *United States v. Triple Canopy, Inc.*, 775 F.3d 628, 632 n.1 (4th Cir. 2015)). Still, "[c]onclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995); *see also E. Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) ("[W]hile we must take the facts in the light most favorable to the plaintiff, we need not accept the legal conclusions drawn from the facts . . . . Similarly, we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."). And "[g]enerally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion." *Linlor v. Polson*, 263 F. Supp. 3d 613, 618 (E.D. Va. 2017) (citing *Goldfarb*, 791 F.3d at 508).

Mindful that Plaintiff is proceeding *pro se*, this Court liberally construes his filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). Even so, that a *pro se* complaint should be liberally construed neither excuses a *pro se* plaintiff of his obligation to "clear the modest hurdle of stating a plausible claim" nor transforms the Court into his advocate. *Green v. Sessions*, No. 1:17-cv-1365, 2018 WL 2025299, at *8 (E.D. Va. May 1, 2018), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

## III. ANALYSIS

As a threshold matter, Defendants Yismaw and Alemu move the Court to dismiss the defamation claim brought against them on statute of limitations grounds. Dkt. Nos. 7 at 2-4; 9 at

4-5.[3]  "In Virginia, there is a one-year statute of limitations for defamation claims which begins to run from the 'date of publication.'"[4]  *Shomo v. Napa Mgmt. Servs. Corp.*, No. 1:22-cv-989, 2022 WL 17477066, at *5 (E.D. Va. Dec. 6, 2022) (quoting *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 914 (E.D. Va. 2004)); *see also* Va. Code § 8.01-247.1 ("Every action for injury resulting from libel, slander, insulting words, or defamation shall be brought within one year after the cause of action accrues.").  Here, the statute of limitations immediately attached upon publication of the Letter, which Plaintiff alleges occurred on April 10, 2021, Dkt. 1 ¶ 7, and Plaintiff did not file the instant suit until nearly three years later, on January 23, 2024, Dkt. 1.  Thus, on the face of the Complaint, it appears that any defamation claim based on the Letter is time-barred.

Plaintiff here does not dispute that the instant action was filed beyond the one-year period; rather, he raises two arguments for tolling the statute of limitations.  First, Plaintiff contends that the statute of limitations was tolled until May 25, 2023, when he discovered the identities of Defendants, pursuant to Va. Code § 8.01–247.1.  Dkt. 12 at 2-7.  That statute's tolling provision provides:

> If a publisher of statements actionable under this section *publishes anonymously or under a false identity on the Internet*, an action may be filed under this section and the statute of limitations shall be tolled until the identity of the publisher is discovered or, by the exercise of due diligence, reasonably should have been discovered.

Va. Code § 8.01–247.1 (emphasis added).

---

[3] Because this Court finds that the defamation claim is time-barred, it need not reach Defendants' alternative argument that the Complaint fails to state a claim for defamation.

[4] "Publication means the defendant communicated the statement to a third party."  *Shomo v. Napa Mgmt. Servs. Corp.*, No. 1:22-cv-989, 2022 WL 17477066, at *5 (E.D. Va. Dec. 6, 2022) (internal quotation marks omitted).

This tolling provision has no application here for several reasons.  To begin with, Plaintiff alleges that the Letter was dispatched via mail, not over the internet.  Dkt. 1 ¶ 7.  Further, the Letter was not published "anonymously" or "under a false identity"—Plaintiff alleges that the Letter was mailed by GPE.  *See id.* ("The defamatory letter was dispatched through the West Springfield Post Office (6200 Rolling Road, Springfield, VA 22152- 9998) . . . *by* '*Genocide Prevention in Ethiopia, Inc.*,' a corporation registered in Delaware" (emphasis added)).  Indeed, Plaintiff was able to sue GPE for publishing the allegedly defamatory Letter in the U.S. District Court for the District of Delaware and even survived a motion to dismiss the defamation claim.  *Id.* ¶¶ 8, 24. Accordingly, the Court finds that Plaintiff's argument fails under the plain language of the statute.

Plaintiff's second attempt to escape the application of the statute of limitations fares no better.  He argues that the one-year statute of limitations is also properly tolled pursuant to Va. Code § 8.01-229(D), which provides:

> When the filing of an action is obstructed by a defendant's . . . using any other direct or indirect means to obstruct the filing on an action, then the time that such obstruction has continued shall not be counted as any part of the period within which the action must be brought.

But again, this tolling provision is inapposite here.  Interpreting the statute, the Supreme Court of Virginia has observed that

> [a] plaintiff seeking to rely on this tolling provision must establish that the defendant undertook an affirmative act designed or intended, directly or indirectly, to obstruct the plaintiff's right to file [the] action.  An act that will relieve the bar of the statute must be of that character which involves moral turpitude, and must have the effect of debarring or deterring the plaintiff from his action.  Mere silence by the person liable is not concealment, but there must be some affirmative act or representation designed to prevent, and which does prevent, the discovery of the cause of action.

*Mackey v. McDannald*, 842 S.E.2d 379, 385 (Va. 2020) (internal citations and quotation marks omitted); *see also Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) ("When filing is obstructed

through fraudulent concealment, the claim will be tolled only if the fraud consisted of affirmative acts of misrepresentation and involved moral turpitude." (internal quotation marks omitted)). Importantly, the Virginia Supreme Court has made clear that mere passive concealment of one's identity during the commission of a tort does not serve to obstruct the filing of an action such that the statute of limitations is tolled. *Compare Grimes v. Suzukawa*, 551 S.E.2d 644, 646 (Va. 2001) (holding that Va. Code § 8.01-229(D) did not toll statute of limitations on intentional tort claims when assailant wore mask to conceal identity during sexual assault) *with Mackey*, 298 Va. at 658 ("Mackey's misrepresentation that the stock was not worth pursuing when he knew the shares were worth tens of thousands of dollars was an act that involved moral turpitude and had the effect of debarring or deterring Quinn or Mrs. Viar from looking into the matter further . . . .  It thus went beyond 'mere silence' and amounted to an artifice preventing inquiry, or calculated to hinder [the eventual] discovery of the cause of action by the use of ordinary diligence." (internal citations and quotation marks omitted)).

   In the instant case, Plaintiff alleges no affirmative misrepresentation involving moral turpitude.  At best, Plaintiff merely alleges that Defendants operated under the guise of a corporate entity in order to conceal their identities.  Dkt. 1 ¶ 7.  But Defendants seeking refuge behind GPE when sending the Letter is much more analogous to the defendant concealing his identity with a mask in *Grimes* than the misrepresentation made in *Mackey*.  Accordingly, the Court finds that Plaintiff has failed to allege any facts that would invoke the tolling provisions of either Va. Code § 8.01–247.1 or Va. Code § 8.01-229(D), and the Court will therefore dismiss the Complaint as untimely.

IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant Yismaw's Motion to Dismiss (Dkt. 6) is GRANTED and Defendant Alemu's Motion to Dismiss (Dkt. 8) is GRANTED; and it is

FURTHER ORDERED that the Complaint is DISMISSED WITH PREJUDICE because the statute of limitations has run and Plaintiff is unable to present any plausible theory under which the statute of limitations might be tolled.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order.  A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiff wants to appeal.  Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiff, who is proceeding *pro se*, and to counsel of record for Defendants.  The Clerk is further directed to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
July 17, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge